UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TATIANA IAMPOLSKAIA, et al.,<br><br>             Plaintiffs,<br><br>       v.<br><br>USCIS, et al.,<br><br>             Defendants. | No. 2:25-cv-01789-TLN-CKD<br><br>**ORDER** |

This matter is before the Court on Plaintiff Tatiana Iampolskaia's ("Plaintiff") Emergency Motion to Stay.[1] (ECF No. 16.) Defendants United States Citizenship and Immigration Services ("USCIS"), Ur M. Jaddou, Alejandro Mayorkas, and Merrick Garland[2] (collectively, "Defendants") filed an opposition. (ECF No. 18.) Plaintiff filed a reply. (ECF No. 20.) For the reasons set forth below, Plaintiff's motion is DENIED.

---

[1] Based on the substance of Plaintiff's brief and the relief requested therein, the Court construes Plaintiff's pleading as a motion for a temporary restraining order. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (stating that pleadings by pro se litigants must be held to less stringent standards than formal pleadings drafted by lawyers.)

[2] Pamela Bondi has succeeded Merrick Garland as United States Attorney General, thus, Merrick Garland is no longer a proper respondent. As a result, the Court sua sponte substitutes Pamela Bondi, Attorney General of the United States, as a respondent. Fed. Rule. Civ. P. 25(d).

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is citizen of Russia. (ECF No. 1 at 4.) In June 2022, Plaintiff filed a Form I-485, based on an approved Form I-130. (ECF No. 16 at 3.) In December 2022, Plaintiff filed a Form I-360 and requested a transfer of the underlying basis for the Form I-485 from the Form I-130 to the Form I-360. (*Id.*) Plaintiff's Form I-360 was approved December 9, 2024. (*Id.*) On November 5, 2025, USCIS denied Plaintiff's Form I-485, which was based on the approved Form I-360. (*Id.* at 12–14.) On November 6, 2025, Plaintiff filed the instant motion. (ECF No. 16.)

## II. STANDARD OF LAW

For a temporary restraining order ("TRO"), courts consider whether the plaintiff has established: "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiff must "make a showing on all four prongs" of the *Winter* test. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). In evaluating a plaintiff's motion, a district court may weigh a plaintiff's showings on the *Winter* elements using a sliding-scale approach. *Id.* A stronger showing on the balance of the hardships may support issuing a TRO even where the plaintiff shows that there are "serious questions on the merits . . . so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* Simply put, a plaintiff must demonstrate, "that [if] serious questions going to the merits were raised [then] the balance of hardships [must] tip[ ] sharply" in the plaintiff's favor in order to succeed in a request for a TRO. *Id.* at 1134–35.

## III. ANALYSIS

Plaintiff requests the Court issue relief with respect to USCIS's denial of her Form I-485.[3]

---

[3] It is unclear to the Court exactly what relief Plaintiff seeks because the briefing refers to several different, and at times, conflicting requests. Specifically, the motion requests the Court: declare the denial unlawful; stay the execution of the denial pending proper reconsideration; order USCIS to reconsider Plaintiff's Form I-485 within ten days; and enjoin USCIS from initiating any removal proceedings based on the denial. (ECF No. 16 at 8.) In reply, Plaintiff argues she does not challenge USCIS's discretionary authority to approve or deny applications, but rather, seeks judicial review of a series of "unlawful, procedurally defective, and ultra vires" agency actions.

1  (ECF No. 16 at 2.)  Plaintiff argues the denial: (1) was issued while Plaintiff's mandamus action
2  remains pending; (2) directly contradicts USCIS's written confirmation that her case was being
3  adjudicated based on her approved Form I-360, not the Form I-130; and (3) contains factual and
4  legal errors that place Plaintiff under an immediate threat of removal.  (*Id.*)
5  　　　　In opposition, Defendants argue Plaintiff cannot succeed on the merits of her claims
6  because the Immigration and Nationality Act ("INA") precludes judicial review of a USCIS
7  denial of Plaintiff's Form I-485.  (ECF No. 18 at 5.)  Specifically, Defendant argues 8 U.S.C. §
8  1252(a)(2)(B)("§ 1252(a)(2)(B)") expressly precludes this Court from reviewing the denial,
9  which was confirmed by the Supreme Court in *Patel v. Garland*, 596 U.S. 328 (2022) and the
10 Ninth Circuit in *Nakka v. U.S. Citizenship and Immigration Servs.*, 111 F. 4th 995, 1014 (9th Cir.
11 2024).  (*Id.* at 5–6.)
12 　　　　In reply, Plaintiff argues USCIS denials are reviewable under the Administrative
13 Procedure Act ("APA") and the Fifth Amendment's due process guarantee.  (ECF No. 20 at 5.)
14 　　　　Plaintiff seeks review of and relief from USCIS's denial of the Form I-485, which is based
15 on 8 U.S.C. § 1255.  (ECF No. 16 at 12–14.)  The denial, however, is unreviewable under the
16 INA as a judgment "regarding the granting of relief under . . . 1255."  8 U.S.C. §
17 1252(a)(2)(B)(i).[4]  Further, because § 1252 (a)(2)(B)(i) precludes judicial review of the denial,
18 Plaintiff is not entitled to judicial review under the APA's presumption of reviewability.  5 U.S.C.
19 § 701(a)(1) ("This chapter applies, according to the provisions thereof, except to the extent that—
20 (1) statutes preclude judicial review . . . .").

---

(ECF No. 20 at 2.)  Plaintiff further requests the Court: issue a temporary restraining order staying enforcement of USCIS's denial and prohibiting USCIS from taking any action to implement the denial, including initiation of removal proceedings; restore the status quo by directing USCIS to treat Plaintiff's Form I-485 as pending; order USCIS to reconsider Plaintiff's Form I-485; and prohibit USCIS from relying on the denial as a basis for any future adverse action against Plaintiff.  (*Id.* at 26.)  Because the relief sought does not ultimately have any bearing on the Court's analysis, the Court does not address it in detail.

[4]　　　To the extent Plaintiff seeks to challenge the denial of her Form I-485, USCIS's Notice of Decision directs Plaintiff as to her options for relief (ECF 16 at 13): she may file a motion to reopen or motion to reconsider (Form I-290-B) within 30 days of the date of the Notice of Decision if served in person, or within 33 days if served by mail.

To the extent Plaintiff argues her due process rights were violated because USCIS failed to follow its own regulations during the decision-making process (ECF No. 16 at 6 (citing 8 C.F.R. § 103.2(b)(8)(iv))), such a constitutional claim is reviewable by this Court. *Ramirez–Perez v. Ashcroft*, 336 F.3d 1001, 1004 (9th Cir.2003).

The regulation at issue provides:

> A request for evidence or notice of intent to deny will be communicated by regular or electronic mail and will specify the type of evidence required, and whether initial evidence or additional evidence is required, or the bases for the proposed denial sufficient to give the applicant or petitioner adequate notice and sufficient information to respond. The request for evidence or notice of intent to deny will indicate the deadline for response, but in no case shall the maximum response period provided in a request for evidence exceed twelve weeks, nor shall the maximum response time provided in a notice of intent to deny exceed thirty days. Additional time to respond to a request for evidence or notice of intent to deny may not be granted.

8 C.F.R. § 103.2(b)(8)(iv).

Here, Plaintiff acknowledges USCIS issued a Request for Evidence ("RFE") in response to her Form I-485, Plaintiff responded to the RFE, and thereafter, USCIS issued its denial of Plaintiff's Form I-485. (ECF No. 20 at 6–7.) The regulation Plaintiff cites requires no more of USCIS. Therefore, Plaintiff has failed to raise a colorable constitutional argument, and a litigant must raise a colorable constitutional violation before this Court has jurisdiction to review her otherwise unreviewable claim. *See, e.g., Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir.2001).

Because Plaintiff's claim fails on the merits, her motion for a TRO is DENIED. *Developmental Servs. Network v. Douglas*, 666 F. 3d 540, 544 (9th Cir. 2011) ("[I]f a plaintiff fails to show that he has some chance on the merits, that ends the matter.").

**IV.   CONCLUSION**

For the foregoing reasons, Plaintiff's motion (ECF No. 16) is DENIED. The Clerk of Court is directed to substitute Pamela Bondi, Attorney General of the United States, as a respondent instead of Merrick Garland. Pursuant to Local Rule 302(a), this matter is hereby REFERRED to the assigned Magistrate Judge for further proceedings.

//

IT IS SO ORDERED.

Date: December 1, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE